IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EDNA LAGUNES SALDIVAR, | § | |
| GUILLERMINA GUTIERREZ RUIZ | § | |
| AND EDNA GUADALUPE | § | |
| GUARNEROS, | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. M-17-432 |
| UNITED STATES OF AMERICA, and | § | |
| Marlene Melendez Lora, In her Official | § | |
| Capacity as an Employee of U.S. Customs | § | |
| and Border Protection | § | |
| *Defendants* | § | |
| | § | |

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLEJUDGE OF SAID COURT:

COME NOW Edna Lagunes Saldivar, Guillermina Gutierres Ruiz and Edna Guadalupe Guarneros, Plaintiffs, complaining of the United States of America, and Marlene Melendez Lora, in her Official Capacity as an Employee of the United States Custom and Border Protection:

1. PARTIES

1.1   Plaintiffs, Edna Lagunes Saldivar, and Edna Guadalupe Guarneros, at all times relevant hereto were and are citizens of the State of Texas.

1.2   Plaintiff, Guillermina Gutierrez Ruiz , at all times relevant hereto was and is a citizen of the Republic of Mexico.

1.3   Defendant, United States of America, acting through U.S. Customs & Border Protection, is a Federal Agency of the United States Department of Homeland Security. Defendant may be served with process in compliance with the Federal Rules of Civil Procedure

___

4(I) by serving a copy of the summons and complaint by certified mail, return receipt requested to:

    a.    The Civil Process Clerk at the office of U.S. Attorney for the Southern District of Texas, at 1000 Louisiana Street, Ste. 2300, Houston, Texas 77002;

    b.    The U.S. Attorney General, Department of Justice, 950 Pennsylvania Avenue, N.W., Room B-324, Washington, D.C. 20530-001;

    c.    The Director for U.S. Customs & Border Protection Houston Field Operations Office at 2323 S. Shepherd #1200, Houston, Texas 77019.

    1.3    Defendant Marlene Melendez Lora is an employee and is being sued in her capacity as an employee of U.S. Customs and Border Protection. Service is not requested at this time.

## 2. JURISDICTION

    2.1    The court has jurisdiction over the lawsuit under 28 U.S.C. 1346(b) because the suit involves a claim against the United States for property damage and personal injury caused by the negligent acts and omissions of a government employee while acting within the scope of his official employment. Specifically, this incident was caused by the negligence of Marlene Melendez Lora, a U.S. Customs and Border Protection officer while she was operating a U.S. Customs and Border Patrol vehicle.

## 3. VENUE

    3.1    Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

4. CONDITIONS PRECEDENT

4.1     Plaintiff timely presented their claim in writing to the United States of America and U.S. Customs and Border Protection Agency.  Further, the U.S. Customs and Border Protection failed to make a final disposition of the claim within six months after it was presented.

5. FACTUAL BACKGROUND

THE COLLISION

5.1     This lawsuit concerns a severe motor vehicle collision which occurred on July 20, 2015.  The collision occurred between a personal automobile which was driven by the Plaintiff, Edna Lagunes Saldivar, and a government vehicle operated by Marlene Melendez Lora, under the authority and control of the U.S. Customs and Border Protection.

5.2     The vehicular collision occurred on Monday afternoon on July 20, 2015 at the 300 block of International Blvd., within the city limits of Hidalgo, Hidalgo County, Texas.  With respect to the area where the collision occurred, International Blvd., is divided into three northbound lanes.

5.3     Immediately prior to the collision, Mrs. Edna Lagunes Saldivar was traveling northbound on the 300 block of International Blvd., and was coming to a stop due to a red light.  At the same time, Marlene Melendez Lora, was traveling in the same direction behind Plaintiffs' vehicle.  The incident ensued when Marlene Melendez Lora, failed to control her speed and rear-ended the Plaintiffs' vehicle.  At the time of the collision, Guillermina Gutierrez Ruiz and Edna Guadalupe Guarneros were passengers in Edna Lagunes Saldivar's vehicle.

5.4     Officer Alma Farias, of the Hidalgo Police Department investigated the collision and found that Marlene Melendez Lora was wholly responsible for causing the collision because she failed to control her speed.

## THE INJURIES

5.5     Edna Lagunes Saldivar suffered extensive physical and emotional injuries as a result of this collision.  The impact was of such magnitude that Mrs. Lagunes Saldivar was diagnosed with disc bulges and herniations to her back and neck.  Mrs. Lagunes Saldivar has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision.  Mrs. Lagunes Saldivar continues to suffer from unbearable pain as a result of this accident.  Mrs. Lagunes Saldivar was a healthy individual prior to this collision.  She is now limited in her daily activities and continues to suffer from excruciating pain since the day of the collision.

5.6     Guillermina Gutierrez Ruiz suffered extensive physical and emotional injuries as a result of this collision.  The impact was of such magnitude that Mrs. Gutierrez Ruiz was diagnosed with a disc bulge and herniations to her back.  Mrs. Gutierrez Ruiz has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision.  Mrs. Gutierrez Ruiz continues to suffer from unbearable pain as a result of this accident.  Mrs. Gutierrez Ruiz was a healthy individual prior to this collision.  She is now limited in her daily activities and continues to suffer from excruciating pain since the day of the collision.

5.7     Edna Guadalupe Guarneros suffered extensive physical and emotional injuries as a result of this collision. Mrs. Guarneros sustained cervical spine strain to her neck, Mrs. Guarneros has undergone extensive physical therapy and daily medication, to control the pain caused by the injuries sustained in this vehicular collision.  Mrs. Guarneros continues to suffer from unbearable pain as a result of this accident.  Mrs. Guarneros was a healthy individual prior

to this collision. She is now limited in her daily activities and continues to suffer from excruciating pain since the day of the collision.

## 6. CAUSE OF ACTION AGAINST DEFENDANTS

### NEGLIGENCE OF MARLENE MELENDEZ LORA & RESPONDEAT SUPERIOR

6.1 Plaintiffs' claims against Defendants are brought under the provisions of the Federal Tort Claims Act 28 U.S.C. §2671 et seq. Defendant, United States of America is the responsible party defendant for the actions of its employee, Marlene Melendez Lora, acting within the course and scope of his employment for the federal agency he was working for, U.S. Customs and Border Protection. 28 U.S.C. §2679.

6.2 Under the doctrine of respondeat superior, Defendant, United States of America is vicariously liable for the actions of its employee, Marlene Melendez Lora, while in the course and scope of her employment with U.S. Customs and Border Protection. The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant, United States of America's employee in one or more of the following particulars:

> 6.2.1 In failing to maintain a clear and reasonable distance between Plaintiffs' motor vehicle which would permit the Defendant's employee to bring her motor vehicle to a safe stop without colliding into Plaintiffs' motor vehicle in violation of §545.062(a) of the Texas Transportation Code;
>
> 6.2.2 In that Marlene Melendez Lora, failed to control her speed as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.351 of the Texas Transportation Code;
>
> 6.2.3 In failing to keep a proper lookout for Plaintiffs' safety as would have been maintained by a person of ordinary prudence under the same or similar circumstances;

  6.2.4 In placing Plaintiffs in a position of peril due to Marlene Melendez Lora's, lack of due care and exercise of ordinary prudence of a person of her maturity and capacity § 545.401 of the Texas Transportation Code;

  6.2.5 In failing to exercise reasonable care to protect the safety of others who are using the roadways;

  6.2.6 In failing to take evasive action to avoid colliding with Plaintiff's vehicle; and/or

  6.2.7 In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiffs of the impending collision.

 6.3 Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

## 7. DAMAGES FOR EDNA LAGUNES SALDIVAR

 7.1 As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Edna Lagunes Saldivar sustained personal injuries in the form of disc bulges and herniations to her back and neck which have resulted in losses and damages recoverable by law. The back and neck herniations require surgical intervention to correct the continuing pain and lasting effects.

 7.2 Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

7.3 From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    7.3.1 Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Edna Lagunes Saldivar, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hidalgo County, Texas;

    7.3.2 Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

    7.3.3 The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

    7.3.4 Mental anguish that Plaintiff has suffered from the date of the incident in question to the time of trial.

7.4 From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

    7.4.1 The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

    7.4.2 Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

    7.4.3 The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

    7.4.4 The mental anguish that Plaintiff will suffer in the future beyond the time of trial; and

    7.4.5 Property damage.

### 8. DAMAGES FOR GUILLERMINA GUTIERREZ RUIZ

8.1     As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Guillermina Gutierrez Ruiz sustained personal injuries in the form of a disc bulge and herniations to her back which have resulted in losses and damages recoverable by law.  The back herniations require surgical intervention to correct the continuing pain and lasting effects.

8.2     Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering.  There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

8.3     From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

> 8.3.1   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Guillermina Gutierrez Ruiz, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hidalgo County, Texas;
>
> 8.3.2   Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;
>
> 8.3.3   The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

      8.3.4   Mental anguish that Plaintiff has suffered from the date of the incident in question to the time of trial.

8.4   From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

      8.4.1   The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

      8.4.2   Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

      8.4.3   The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial; and

      8.4.4   The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

### 9. DAMAGES FOR EDNA GUADALUPE GUARNEROS

9.1   As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Edna Guadalupe Guarneros, sustained personal injuries in the form of cervical spine strain to her neck which have resulted in losses and damages recoverable by law. The cervical spine strain will require continued physical medicine to correct the continuing pain and lasting effects.

9.2   Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and

reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

9.3     From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

- 9.3.1 Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Edna Guadalupe Guarneros, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hidalgo County, Texas;

- 9.3.2 Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

- 9.3.3 The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

- 9.3.4 Mental anguish that Plaintiff has suffered from the date of the incident in question to the time of trial.

9.4     From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

- 9.4.1 The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

- 9.4.2 Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

- 9.4.3 The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial; and
- 9.4.4 The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

_____

## 12. PRE/POST JUDGMENT INTEREST

12.1    To the extent provided by law, Plaintiffs further plead for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court.  Plaintiffs plead that if they are not allowed such pre and post judgment interest, that they would not be fully compensated, and that they would be denied an opportunity to earn interest on the damages Plaintiffs sustained between the time of the incident and the time of judgment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Edna Lagunes Saldivar, Guillermina Gutierrez Ruiz and Edna Guadalupe Guarneros, request that on final trial they have judgment against Defendants for a sum in excess of the minimum jurisdiction limits of this Court, pre-judgment and post-judgment interest to the extent the law provides for, costs of suit, and all other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

By:    */s/ Daniel Torres*
Daniel A. Torres
State Bar No. 24046985
Federal Bar No. 573645
Javier Villarreal
State Bar No. 24028097
Federal Bar No. 30384

Of Counsel:

LAW OFFICE OF JAVIER VILLARREAL, PLLC
2401 Wild Flower Drive, Suite A.
Brownsville, Texas 78526
Tel: 956-544-4444
Fax: 956-550-0877

_____